The St. Joseph Fire & Marine Insurance Co. v. Leland.

90   177
110   75

90   177
72a  407

90   177
75a  345

90   177
101a  473

## THE ST. JOSEPH FIRE AND MARINE INSURANCE COMPANY, *Appellant,* v. LELAND.

1. **Officer :** MINISTERIAL DUTY, NEGLECT OF : ACTION FOR. The common law gives a right of action against an officer to one injured in consequence of the neglect or violation by such officer of a ministerial duty.

The St. Joseph Fire & Marine Insurance Co. v. Leland.

2. ——: ——: ——: CAUSE OF ACTION ARISING IN ANOTHER STATE. Where one has a good cause of action at common law in another state, for such injury he can maintain his action in the courts of this state.

3. ——: ——: ——. A right of action exists at common law against an officer refusing to obey the mandate of a court to levy a tax to pay a judgment against a county, and the fact that the court in which the judgment was rendered may proceed against the officer for contempt, and thereby compel the levy of the tax, is no bar to said action.

*Appeal from Buchanan Circuit Court.*—HON. JOSEPH P. GRUBB, Judge.

REVERSED.

*B. R. Vineyard* for appellant.

(1) The petition charges defendant with the violation of a ministerial duty he owed to the plaintiff and clearly states a good cause of action. *Amy v. Supervisors*, 11 Wall. 138; *Clark v. Miller*, 54 N. Y. 528; *McCutchen v. Windsor*, 55 Mo. 153; *People v. Solomon*, 54 Ill. 39; *Hoover v. Barkhoof*, 44 N. Y. 113; Sedg. on Dam. [6 Ed.] 633, side p. 506; *Adsit v. Brady*, 4 Hill, 630; 1 Suth. on Dam. 246-7; Cooley on Torts, 398; 20 Cent. Law Jour. 189; 18 N. W. Rep. 675; 49 Ga. 461; 49 Ga. 106. (2) The measure of damages is the total amount of the judgments, interests, costs and expenses, constituting the aggregate of the damages charged in the petition to have been sustained, and sought to be recovered therein. *Ledyard v. Jones*, 7 N. Y. 551-2-3-4; *Clark v. Miller*, 54 N. Y. 535; 1 Suth. on Dam. 246-7; *Goodrich v. Starr*, 18 Vt. 227. Besides, under the conspiracy charge in the petition, defendant is liable for all these damages. *Finley v. McAlister*, 20 Cent. Law Jour. 189. (3) The statutes of Kansas, prescribing the place of bringing suit in that state in such actions, can have no force in Missouri. It

goes simply to the enforcement of the remedy. While the statutes of a sister state, or the law in force therein, may be invoked to ascertain the nature and extent of the liability, the law of the forum must govern in all matters affecting the remedy. *Carson v. Hunter*, 46 Mo. 463; Story on Conflict of Laws [8 Ed.] p. 773, sec. 556; *Scudder v. Union Bank*, 1 Otto, 406; *Pritchard v. Norton*, 106 U. S. 129, 130; *Peters v. Stewart*, 45 Conn. 109; *Denick v. Railroad*, 103 U. S., 18 at top. (4) "Wherever, by either the common law or the statute of a state, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters, and can obtain jurisdiction of the parties." *Denick v. Railroad*, 103 U. S. 18; *Herrick v. Railroad*, 31 Minn. 13; *Stœckman v. Railroad*, 15 Mo. App. 503; *Railroad v. Sprayberry*, 8 Baxt. [Tenn.] 341; *Ex parte Van Riper*, 20 Wend. 614; *Leonard v. Nav. Co.*, 84 N. Y. 48; *Needham v. Railroad*, 38 Vt. 294. And it makes no difference "whether the right of action be *ex contractu* or *ex delicto.*" *Herrick v. Railroad*, 31 Minn. 13.

*Green & Burnes* for respondent.

(1) A cause of action which can arise only in one place is local, and must be brought where such action arises. 2 Bouvier's Dict. 79; 1 Chitty Pl. [Am. Ed.] 298; Stephens' Pleadings, 289; Gould Pleading, sec. 107; *Railroad v. Orcutt*, 16 Gray, 116; *McRae v. Mattoon*, 10 Pick. 48-53; Cooley on Torts, 470-1; *Mersey Co. v. Douglas*, 2 East, 502. And section 3481 of the Revised Statutes of Missouri does not affect this rule. *Railroad v. Orcutt*, 16 Gray, 116. (2) No suit can be maintained in one state for official misconduct in another state. *Florence v. Allen*, 5 Cowan, 669; Wells on Jurisdiction, p. 112, sec. 115; *Vaughan v. Northup*, 14

Pet. 1; *Fenwick v. Sears*, 1 Cranch, 259; *Dixon v. Ramsey*, 3 Cranch, 319; *Kerr v. Moon*, 9 Wheat. 565; 6 Barb. 421; 1 Barb. 231; *Leonard v. Putnam*, 51 N. H. 247; 12 Am. Rep. 106. (3) The courts of this state will not attempt to enforce the revenue or penal laws of a foreign state. *Pick v. Fist*, 6 Vt. 102; *Hunt v. Powel*, 9 Vt. 411-417; 1 Johnson, 95. (4) When a court of competent jurisdiction has taken and possessed itself of a cause, no other court will interfere. Wells on Jurisdiction, secs. 156, 158, 159, and cases cited. (5) When the power creating a liability directs the mode and manner of redress, such redress, or remedy, and no other, must be followed. *Smith v. Cowdry*, 1 Howard, 28; *Erickson v. Nesmith*, 15 Gray, 221; Story's Conflict of Laws, sec. 556.

HENRY, C. J.—This is an action to recover damages against defendant on the following alleged facts: That he is, and for six years last past has been, a member of the board of county commissioners of Doniphan county, Kansas, and chairman of said board, consisting of three members, whose duties are purely ministerial; that plaintiff, ever since defendant has been a member of said board, has owned and held a large number of bonds issued by said county in payment for stock subscribed by said county in the Denver City railroad company and the Atchison & Nebraska railroad company; that it has been the duty of said board of commissioners, under the laws of Kansas, to annually levy and cause to be collected on the property in said county, subject to taxation, a tax sufficient to meet and pay off the interest coupons of said bonds as they matured, without any discretion to refuse to do so; that defendant not only failed to discharge said duty, but conspired with the other members of said board and other citizens of said county to cheat and defraud plaintiff out of the interest accrued and to accrue on said bonds; and in furtherance

of said conspiracy the defendant induced the said board to disregard its said duty, and for six years last past has prevented said board from levying and causing to be collected any tax or money to pay the interest on said bonds. Then follows an allegation that plaintiff had instituted suits on interest coupons in the circuit court of the United States for the district of Kansas against said board, and recovered judgments; one thirteenth of June, 1879, for $4,626 and two hundred dollars costs of suit; one seventeenth of June, 1881, for $4,150.13 and two hundred dollars costs, and another on the same day for $4,429.48 and two hundred dollars costs; that said court, by its peremptory writ of mandamus, commanded said board, and each member thereof, to levy a tax on all property in said county subject to taxation, on the first Monday in August, 1882, for the purpose of paying said judgments, etc.; but that defendant, for the purpose of carrying out said conspiracy, and in order to cheat and defraud plaintiff, refused to obey said mandamus and induced the other members of the board to disobey said writ, although plaintiff was present by its attorney on said first Monday of August, 1882, at Troy, Doniphan county, Kansas, while said board was in session, to induce the board to discharge its duty, etc.; but defendant then and there, acting as chairman of said board and in furtherance of said conspiracy, refused to permit plaintiff to be heard, and notified plaintiff that said judgments should never be paid, wherefore plaintiff asks judgment against defendant for the amount of said judgments, etc.

A demurrer to this petition was sustained and a judgment rendered against plaintiff, from which this appeal is prosecuted. Is the action maintainable in this state? Appellant's counsel cite cases in other states similar to that of *Vawter v. Missouri Pacific Railway Company*, 84 Mo. 679, in which the ruling was different from that of this court in that case, in which the railroad

company was sued in Missouri by the administrator of one who was killed by a train of defendant's cars in the state of Kansas, and sought to be held liable here, under a statute of that state, materially different from ours, on the same subject. We held that this could not be done. The common law gave no such action. The right to recover was purely statutory, and in this state the action is not maintainable by the administrator.

The right of action against a ministerial officer for a violation or neglect of duty by one injured in consequence thereof is a different matter. The common law gave the party aggrieved an action against the officer in such case. There is authority for the broader position that, "Wherever, by either the common law or the statute law of a state, a right of action has become fixed, and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties." *Denick v. Railroad*, 103 U. S. 18. This doctrine has been announced in cases similar to that of *Vawter v. Railroad, supra*, by courts with which this court is not in harmony on the subject. *Ex parte Riper*, 20 Wendell, 615, was a case in which, in the state of New York, an attachment proceeding was commenced against a party, a resident of New Jersey, on an indebtedness created by the law of the latter state. The defendant was a director of a bank in New Jersey, the charter of which made the directors, jointly and severally, liable individually to every creditor for the payment of any bills obligatory, or of credit, or notes that they, or any of them, might issue or circulate. It was objected "that the directors being corporators and not liable at common law, but the statute raising their liability, and, in the same section giving a remedy, that alone must be pursued." But said the court, Cowen, J.: "The charter does not confine the creditor to any particular remedy. It raises in his favor a debt against an in-

dividual, and leaves his remedy to the general methods of the law." Again: "It raises a debt against him which may, in its own nature, be enforced wherever the debtor, or his property, can be found, according to the forms of law at the place where found."

In a more recent case, in the New York court of appeals, it was held that " when the wrong is committed in a foreign state or country no action can be maintained here without proof of the existence of a similar statute in the place where the wrong was committed." *Leonard v. Columbia Steam Navigation Company*, 84 N. Y. 48; *McDonald v. Mallory*, 77 N. Y. 547. It seems now to be the settled doctrine in that state that if the statute of one state is of similar import and character with that of another, a right of action under the statute accruing in one of those states may be prosecuted in the other.

The decision in *Vawter v. Railroad*, *supra*, was based upon the dissimilarity between the statute of Kansas and our statute on the same subject. But, whether it is held that in that class of actions the courts of this state will afford redress or not, the case at bar stands upon a different principle. The plaintiff does not seek to enforce a purely statutory right, but his action is one maintainable at common law, and if he had a good cause of action in the state of Kansas, he may maintain it in the courts of this state. The petition alleges that the duties of defendants, under the laws of Kansas, were purely ministerial. Whether so or not, raises an issue of fact, if denied. If his functions were judicial, the action is not maintainable unless the Kansas statute gives an action in such cases. The statute of Kansas prescribing the place where suits should be commenced against public officers for acts done by them in virtue, or under color of their offices, or for a neglect of official duties, is operative in that state, but was not designed to affect the right of the party to his suit in another jurisdiction. It is merely a provision to the effect that if the suit is in-

stituted in that state it must be brought in the county in that state where the cause of action arose.

We have statutes of a similar character prescribing where a party may be sued and in what court in this state, in causes of action which are transitory and upon which there is no question that the plaintiff could maintain an action in any other state of the union. Nor is it a valid objection to the cause of action alleged in plaintiff's petition that it has already obtained a judgment against Doniphan county for the amount of the interest coupons due, and also a peremptory mandamus from the circuit court of the United States for the district of Kansas, commanding the board, of which defendant is a member, to levy a tax to pay the judgments; that the said court may proceed against defendant, as for contempt, and possibly succeed in compelling the levy of the tax does not deprive plaintiff of his right of action against the defendant. The law imperatively imposes duties upon ministerial officers. It is as much their duty to obey the law as the mandates of the courts; and that the courts have in vain adjudged and ordered the performance of a duty, is no bar to an action by the party aggrieved against the obstinate officer who refuses to obey both the law and the court.

The judgment is reversed and the cause remanded. All concur.