F. W. STEADLEY, Respondent, v. S. A. STUCKEY, Appellant.

**Kansas City Court of Appeals, June 5, 1905.**

1. **OFFICES AND OFFICERS: County Clerk: Ministerial Duties: Election Returns: Damages.** Where an officer, like a county clerk, is required to perform a ministerial act, like casting up election returns and he neglects or refuses to do the same, he is liable in damages to the person injured; and mistake and honest intention is no defense.

2. ———: ———: ———: ———: ———: **Defense.** And whether the injured party earned a larger salary in other business during the time he was deprived of his office than he would in the office, is a defense, *quaere*; if such, it must be affirmatively pleaded.

Appeal from Jasper Circuit Court.—*Hon. Hugh C. Dabbs,* Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1) Plaintiff is not entitled to recover on the facts stated in the petition and answer, the answer, standing undenied, it is admitted that the defendants acted in good faith, and that before acting they obtained all the light on the facts they could and sought and followed the advice of lawyers. And the evidence and pleadings show that defendant did not act from malice or spite, but in good faith with honest intentions, and the court erred in excluding the evidence to that effect. Reed v. Conway, 20 Mo. 23, 47, 48, 50, 51; Pike v. Megoun, 44 Mo. 491; Schosttgen v. Wilson, 48 Mo. 257, 285; County

v. Boyd, 67 Mo. 179, 184; Knox Co. v. Hunolt, 110 Mo. 74, 75; State ex rel. v. Garesche, 65 Mo. 480, 490; State ex rel. v. Harrison, 38 Mo. 544; Williams v. Elliot, 76 Mo. App. 8; Edwards v. Ferguson, 73 Mo. 686.  (2) Plaintiff having maintained an action of mandamus against defendants, he can not now maintain a damage suit against defendant for failure or refusal to act. State ex rel. v. Ryan, 2 Mo. App. 303, 310.  (3)  The damages in this case are too remote because the salary which plaintiff would have been entitled to and which go to make up his damages are only incident to holding of office.  The board of canvassers owed a duty to the public and not to plaintiff.  And they can not be held liable for mistakes of law or fact unless they act corruptly.  Sutherland on Damages, 49, 55, 56; Fields on Damages, sec. 773, p. 616.  (4)  The court erred in excluding the evidence offered by defendant that plaintiff Steadley, from January 1, 1899, to February 20, 1899, was engaged in other business and earned more in such business than the amount of salary he claims to have lost during that time, and therefore was not damaged.  Under the laws of Missouri, an office holder is required to personally devote his time to the duties of the office. Art. 2, sec. 10, Constitution of Missouri; R. S. 1889, sec. 7127; R. S. 1899, sec. 8853.

*Thomas & Hackney* for respondent.

(1)  The county clerk and justices as a canvassing board were not judicial officers and had no discretionary power; but on the contrary they were purely ministerial officers performing simply and purely ministerial duties.  State ex rel. v. Stuckey, 78 Mo. App. 533; Mayo v. Freeland, 10 Mo. 629; Bowen v. Hixon, 45 Mo. 343. (2)  The plaintiff having sued for actual damages only which were sustained by him by reason of the failure of the defendant to perform a ministerial duty, the defendant is liable notwithstanding the question as to

whether or not he acted in good faith. Knox County v. Hunolt, 110 Mo. 74; Ins. Co. v. Leland, 90 Mo. 182; State ex rel. v. Adams, 101 Mo. App. 472; Moore v. Kesler, 59 Ind. 152; Thomas v. Hinkle, 35 Ark. 450; Mc Gowan v. Sedley, 8 Ir. C. L. Rep. 342; State ex rel. v. Adams, 101 Mo. App. 468. (3) The trial court did not commit error in excluding the evidence offered by the defendant to the effect that plaintiff had been engaged in the jewelry business during the time he was wrongfuly kept out of the recorder's office and that he made a profit in said business in a sum greater than the amount of salary of which he was deprived by the defendant's act. There can be no abatement of damages on the principle of partial compensation received for an injury where it comes from a collateral source wholly independent of the defendant and is as to him *res inter alios. acta.* 1 Sutherland on Damages (1 Ed.), 242; Carroll v. Railroad, 88 Mo. 239; Dillon v. Hunt, 105 Mo. 163; Mathews v. Railroad, 121 Mo. 336.

ELLISON, J.—The plaintiff, according to the official return of the votes, was elected in the year 1898 to the office of county recorder for Jasper county for the term of four years. The defendant was then county clerk of said county and ex-officio a member of the canvassing board of the election returns. Plaintiff charges that he and other members of the board refused to canvass the vote, as returned, for several weeks and until compelled by mandamus from this court, and in consequence plaintiff lost the salary of the office of recorder of deed for that time. Plaintiff prevailed in the trial court.

A history of the proceedings which are the foundation of this action will be found in State ex rel. v. Stuckey, 78 Mo. App. 533. It will there be learned that defendant found in the return to him made by the election officers of one precinct there was, in addition to the cer-

tificate required by law, another and unauthorized certificate. Each of these contained a statement of the number of votes cast for this plaintiff and his opponent. In the certificate authorized and required by law this plaintiff was credited with enough votes to elect him; but by the unauthorized certificate, his vote was not sufficient to elect him. As stated, the defendant and his colleagues refused to recognize the proper certificate and plaintiff was thereby kept out of his office and deprived of the salary thereof for several weeks. It is conceded that defendant's action was taken in good faith.

The law in this State is that, the duty of defendant as a member of the canvassing board was purely ministerial. It was so determined in the mandamus case against him above referred to. The duty is said to be "a simple and plain ministerial duty of the clerk aided by the two magistrates requiring sufficient knowledge of arithmetic and moral honesty to count correctly and clerical ability to make the certificate." [Bowen v. Hixon, 45 Mo. 343.]

It being a ministerial duty left unperformed, the defendant must render compensation to those whom he has injured by his failure to perform it. As far as compensation for loss is concerned, the plea of good faith, honest mistake and the like is of no avail, since it does not make good the loss he has occasioned. "It is a well-settled rule that where the law requires absolutely a ministerial act to be done by a public officer and he neglects or refuses to do the act, he is liable in damages at the suit of a person injured. In such cases a mistake as to his duty and an honest intention is no defense." [Knox County v. Hunolt, 110 Mo. 74; Ins. Co. v. Leland, 90 Mo. 182-3; State ex rel. v. Adams, 101 Mo. App. 472; Moore v. Kesler, 59 Ind. 152: Thomas v. Hinkle, 35 Ark. 450.]

The defendant offered to show in mitigation of the damages resulting to plaintiff by being deprived of his

salary, that he earned during that time as much or more than such salary as a jeweler. The court excluded the evidence. We need not ·pass on the question since it was not set up as a defense in the answer. If a defense, it is new matter which should have been pleaded. In all instances where other employment is allowed to mitigate the·damages alleged to have been suffered, the onus is on the defendant to prove such fact; and, of ·course, he must plead it. Whether the law concerning breach of contract between master and servant and damages to the latter by reason of not being allowed to perform the service, is sufficiently analogous in principle to the law governing a case of the present character, we need not, and do not say; but in such cases it is well recognized that the onus of establishing the mitigation is on the defendant and must be pleaded by him. [Koenigkraemer v. Glass Co., 24 Mo. App. 124; Wood on Master and Servant, sec. 125; Ream v. Watkins, 27 Mo. 516.]

Other objections made by defendant are not well taken. The judgment is affirmed.