WILLIS H. FRANK, Appellant, *v.* MARTIN B. EATON and Others, Respondents.

Third Department, November 15, 1928.

*R. Monell Herzberg* [*Kenneth R. Garrison* of counsel], for the appellant.

*Sherwood B. Speed* [*John L. Crandell* of counsel], for the respondents.

WHITMYER, J.   Whether or not plaintiff has a cause of action at common law against the defendants, because they illegally deprived him of his rights as a candidate for office, is the question.   The complaint was dismissed on the opening and the allegations thereof must be taken as true.   The defendants Eaton and Parker were the commissioners of election and constituted the board of elections of Columbia county, N. Y., and the other defendant was their clerk, at the times mentioned in the complaint.   On September 28, 1927, plaintiff was duly nominated as a candidate for the office of justice of the peace of the town of Greenport, in said county, at a primary meeting of the voters of the Democratic party, held in and for the town.   A certificate of such nomination was duly filed on October 4, 1927.   The complaint alleges that the said clerk thereafter, with the knowledge and consent of the commissioners and without plaintiff's, illegally, wrongfully and feloniously altered the certificate by writing the words " Short Term " after the title of the office, opposite plaintiff's name, and caused ballots to be printed and voted, showing the names of the other Democratic candidate and the two Republican candidates in a group, with instructions printed thereon to vote for two, and showing plaintiff's name by itself under the title of the office, " Short Term," with instructions to vote for one.   Two justices were to be elected. (Town Law, §§ 80, 103, as respectively amd. by Laws of 1924, chap. 179, and Laws of 1926, chap. 422.)   Two candidates had been nominated by each party and certificates, accordingly, had been filed. There was no short term.   Plaintiff received 260 votes, one of the

Republican candidates 263 votes, and the other two candidates 178 and 155 votes, respectively. From the opening, it appears that plaintiff went to the office of the board on November 4, 1927, four days before the election, upon learning that the certificate had been changed, and that the clerk, who was the only one there, showed him the certificate, as changed, saying that it was the one which had been filed, that the ballots had been printed and that nothing could be done about the matter. After the election, he brought this action for damages. No decision in this State, so far as we have been able to find, covers the precise situation, but election commissioners act ministerially in filing certificates of nomination and in preparing ballots and in causing them to be printed and distributed for voting, and the rule is well settled in States, where the question has arisen and has been decided, that a public officer is liable in damages at the suit of a person injured, if he neglects or refuses to perform ministerial acts as required. (*Steadley* v. *Stuckney*, 113 Mo. App. 582; 87 S. W. 1014; *Knox County* v. *Hunolt*, 110 Mo. 67, 74; *St. Joseph Fire & Marine Ins. Co.* v. *Leland*, 90 id. 177, 182, 183; *State ex rel. Wheeler* v. *Adams*, 101 Mo. App. 468, 474; *Moore* v. *Kessler*, 59 Ind. 152; *Thomas* v. *Hinkle*, 35 Ark. 450.) Halsbury in his Laws of England (Vol. 12, § 604) says that a returning officer is liable in damages, even where no malice can be proved, to any person who has a right to vote, for a denial of the right, resulting from any breach of the ministerial as distinguished from the judicial duties cast upon him, and, similarly, that he is liable to any candidate who fails to be returned owing to such breach of such ministerial duties. The civil liability of an election officer to a voter or to a candidate as the case may be, is discussed also in Corpus Juris (Vol. 20, pp. 92–94), and it is stated that it exists. And, in this State, the remedy of a citizen for illegal deprivation or rejection of his vote is discussed in *Goetcheus* v. *Matthewson* (61 N. Y. 420, 425, 426, 438, 439) and is referred to in the dissenting opinion in *Matter of Metz* v. *Maddox* (121 App. Div. 147, 170), where it is said that " it was decided in England early in the eighteenth century that returning officers may be liable in a civil action for damages." That the right exists in the case of a voter is well settled and, if it exists in that case, it must exist in the case of a candidate, who has been illegally deprived of his rights. It is claimed that failure to adopt the remedy pre-scribed by section 330 of the Election Law (as amd. by Laws of 1924, chap. 405, and Laws of 1927, chap. 118) constituted a waiver and that was the basis of the decision by the trial court. But the remedy under that law is not declared to be exclusive and is to be construed as cumulative. (1 C. J. 990, § 103; *People* v. *N. Y. C.*

*& H. R. R. R. Co.*, 74 N. Y. 302, 307; *Jordan & Skaneateles Plankroad Co. v. Morley*, 23 id. 552, 554.) It does not affect the remedy by action.

The judgment should be reversed and a new trial should be granted, with costs to the appellant to abide the event.

VAN KIRK, P. J., HINMAN, HILL and HASBROUCK, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.