Max M. Schwartz, Plaintiff, *v.* William J. Heffernan et al., Defendants.

Supreme Court, Special Term, New York County, June 19, 1951.

*John P. McGrath, Corporation Counsel (Victor J. Herwitz* and *Edward F. Hurley* of counsel), for defendants.

*Joseph M. Schwartz* for plaintiff.

McNally, J. This is a motion under rule 106 of the Rules of Civil Practice for judgment dismissing the plaintiff's amended complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.

The complaint alleges that the acts of the defendants, members of the board of elections in the city of New York, were arbitrary and wrongful, in that they failed, neglected and refused to place the name of the plaintiff upon the ballot as a candidate in the 1950 primary election for nomination as candidate of the Democratic party for the public office of Member of the Assembly of the State of New York, 18th Assembly District, County of Kings, and for election to the party position of Member of the State Committee, from the same district.

Plaintiff claims that by reason of the wrongful act of the defendants he was deprived of his right to have his name appear as a candidate upon the ballot and to be such candidate at the primary election. The complaint further alleges that plaintiff expended a considerable amount of money for printing his petition and for other campaign expenditures, all to his damage in the sum of $10,000.

Defendants by this motion ask the court to reject that contention and to find, as a matter of law, based on a sound public policy, that plaintiff suffered no private damage or injury by reason of the exclusion of plaintiff's name from the primary ballot.

Defendants contend that public office is held for the benefit of the public and not for the private gain of the office holder, and from that premise they argue it must follow that mere candidacy for public office carries with it no greater benefit than that which is incident to holding the public office itself; that there is no private value attached to a candidacy for public office, and that hindrance of such does not inflict a personal and private injury, and that the plaintiff thus did not suffer a personal or private injury by reason of the alleged wrongful acts of the defendants in refusing to place his name on the ballot as a candidate. The defendants also contend plaintiff's damage, by reason of his expenditures for printing, must be disregarded inasmuch as his expenditures preceded the alleged wrongful acts of the defendants and thus it cannot be said that the alleged wrongful acts of the defendants were the cause of the plaintiff's expenditures, and since the alleged wrongful acts of the defendants were not the proximate cause of the alleged damage, no basis has been shown for an action in tort.

The right of a candidate to sue election officials for neglecting to perform or improperly performing ministerial duties is firmly established in our law (*Frank* v. *Eaton,* 225 App. Div. 149; *Larson* v. *Marsh,* 144 Neb. 644, Note, 153 A. L. R. 148). In *Frank* v. *Eaton* (*supra,* p. 151), the Appellate Division, Third Department, held: " After the election, he brought this action for damages. No decision in this State, so far as we have been able to find, covers the precise situation, but election commissioners act ministerially in filing certificates of nomination and in preparing ballots and in causing them to be printed and distributed for voting, and the rule is well settled in States, where the question has arisen and has been decided, that a public officer is liable in damages at the suit of a person injured, if he neglects or refuses to perform ministerial acts as required. (*Steadley* v. *Stuckney,* 113 Mo. App. 582, 87 S. W. 1014; *Knox County* v. *Hunolt,* 110 Mo. 67, 74; *St. Joseph Fire & Marine Ins. Co.* v. *Leland,* 90 id. 177, 182, 183; *State ex rel. Wheeler* v. *Adams,* 101 Mo. App. 468, 474; *Moore* v. *Kessler,* 59 Ind. 152; *Thomas* v. *Hinkle,* 35 Ark. 450.) Halsbury in his Laws of England (Vol. 12, § 604) says that a returning officer is liable

in damages, even where no malice can be proved, to any person who has a right to vote, for a denial of the right, resulting from any breach of the ministerial as distinguished from the judicial duties cast upon him, and, similarly, that he is liable to any candidate who fails to be returned owing to such breach of such ministerial duties. The civil liability of an election officer to a voter or to a candidate as the case may be, is discussed also in Corpus Juris (Vol. 20, pp. 92–94), and it is stated that it exists. And, in this State, the remedy of a citizen for illegal deprivation or rejection of his vote is discussed in *Goetcheus* v. *Matthewson* (61 N. Y. 420, 425, 426, 438, 439) and is referred to in the dissenting opinion in *Matter of Metz* v. *Maddox* (121 App. Div. 147, 170), where it is said that ' it was decided in England early in the eighteenth century that returning officers may be liable in a civil action for damages.' That the right exists in the case of a voter is well settled and, if it exists in that case, it must exist in the case of a candidate, who has been illegally deprived of his rights."

The case of *Larson* v. *Marsh* (*supra*) is in point. That was an action for damages brought by an unsuccessful candidate in the Republican primary against the Secretary of State and his deputy for their failure to place the address of the candidate on the ballot following his name, a request he made pursuant to a statute. The court below sustained a demurrer to the complaint. In reversing the lower court the Supreme Court of Nebraska, which is comparable to the Court of Appeals in this State, held the complaint to state a good cause of action, and stated (pp. 648–649): " Defendants urge that the duty imposed by the statute under consideration is a duty owing solely to the public and not to the particular candidate. * * * The rule is aptly stated by an authoritative textwriter as follows: ' So it is immaterial that the duty is one primarily imposed upon public grounds and therefore a duty owing primarily to the public, if, notwithstanding, the individual has in it a distinctive and direct interest and the legal right to require its performance; the right of action springs from the fact that the private individual receives a special and peculiar injury from the neglect in performance against which it was in part the purpose of the law to protect him.' Mechem, Public Officers, 448. We think the correct rule is that where a statute imposes on a public officer the performance of ministerial duties in which a private individual has a special and direct interest, the officer will become liable to such individual for damages which he may

proximately sustain in consequence of the failure or neglect of such officer to perform the duty or to perform it properly. *Fidelity & Deposit Co.* v. *Cone*, 138 Fla. 804, 190 So. 268.''

To dismiss the plaintiff's complaint the court would have to discard these established principles of law. Election officials must handle the public's business properly and with due care. A disregard of that duty gives rise to a cause of action on the part of an aggrieved party. An action at law for damages is a simple and direct deterrent to the improper performance of or failure to perform ministerial acts. Public policy can never be used as a shield for impropriety or carelessness. A sound and enlightened public policy always operates for the public interest. Any act that weakens lawful and proper procedure of elections is directly contrary to the welfare of the public. There is no force to defendants' claim that public policy requires a dismissal of the complaint and defendants' argument with reference to the fact that plaintiff's expenditures were incurred prior to defendants' alleged wrongful acts is rejected as frivolous. On a motion of this kind the allegations of the complaint must be accepted at their face value and deemed to be true. The plaintiff alleges a wrongful act and injurious consequences that followed to his detriment. The complaint thus states facts which constitute a cause of action and the motion must be and is denied.