Max M. Schwartz, Respondent, v. William J. Heffernan et al., Appellants.

Cohn, J. (dissenting). The damages which plaintiff is claiming are those occasioned not by any action of the board of elections, but by plaintiff's own failure to exercise the summary remedy provided in section 330 of the Election Law. His omission to proceed under that statute, which vests in the Supreme Court summary power to determine any questions of law or fact arising with respect to the designating of any candidate bars plaintiff from recovery here.

Statutory remedies to correct the actions of administrative agencies, such as the remedy provided in section 330 of the Election Law should, when available, be pursued to the exclusion of other remedies.

In a comprehensive article on tort liability of administrative officers for improper performance of ministerial duties, Professor Jennings of the University of Minnesota, in 21 Minnesota Law Review 263, 307, said: "Whenever the individual aggrieved by administrative action of the above type has available a non-tortious remedy, as by direct appeal, certiorari, declaratory judgment, mandamus, prohibition, or injunction, and has failed to avail himself of it, a further remedy against the officer by an action in tort is for that reason barred."

*Frank* v. *Eaton* (225 App. Div. 149), upon which plaintiff relies, involved a felonious act on the part of commissioners of election and their clerk in " feloniously " altering a certificate of nomination which had been filed for plaintiff by writing the words " Short Term " after the title of the office of Justice of the Peace, opposite plaintiff's name, when there was no short term, and then causing the ballots to be so printed. As a result, although plaintiff received next to the highest number of votes, and two justices were to be elected, his election was not valid since there was no short term. Moreover, it appears that plaintiff there, when he discovered the fraud, found that it was too late to invoke the provision of section 330 of the Election Law, in order to correct the illegal action of the commissioners. Thus, plaintiff there had a cause of action against the defendants because they, by their sole action, illegally and fraudulently deprived him of his rights as a candidate for Justice of the Peace.

In *Block* v. *Sassaman* (26 F. Supp. 105, 106) the court made the following apposite observations: " Public policy requires that officers and agents of the government, in connection with matters arising from the performance of their official duties, shall not be held responsive to suits or claims arising from their actions. An officer of the government should be permitted freedom of activity when engaged in the discharge of his official duties, so that in the end the government will receive an administration of his office which will be untrammeled by fear of suit, in a court of law, for damages."

This immunity of public officers from civil action has been applied not only in matters requiring the exercise of judgment and discretion but also to functions which are sometimes labeled as ministerial. (*Cooper* v. *O'Connor*, 99 F. 2d 135, 137–138 [1938], certiorari denied 305 U. S. 643 [1938]; *Jenkins* v. *Waldron*, 11 Johns. 114, 121 [Sup. Ct., 1814]; *Tyrell* v. *Burke*, 110 N. J. L. 225 [1933].)

For the foregoing reasons I dissent and vote to reverse the order and to grant the motion to dismiss the complaint.

Dore, J. P., Callahan, Van Voorhis and Shientag, JJ., concur in decision; Cohn, J., dissents and votes to reverse and grant the motion, in opinion.

Order affirmed, with $20 costs and disbursements to respondent. No opinion. [201 Misc. 101.] [See *post,* p. 1006.]