BEATRICE P. TRENKMAN, Appellant, v. CLAIR SMITH, Defendant, Impleaded with ISAAC T. FLATTO, Respondent.

PER CURIAM. The respondent is correct in his contention that this motion to strike out defenses challenges the sufficiency of the complaint. It is claimed that the settlement now sought to be set aside was made under duress. In the face of the representation of the plaintiff by counsel, the meticulous detail with which the settlement was effected, the long lapse of time, and the various other considerations urged by the respondent, the claim appears to be improbable. The seeming improbability, however, is a matter for the trial justice and does not render the complaint insufficient in law upon the face thereof. The third defense sets up the very release which plaintiff seeks to set aside. This defense is accordingly insufficient. In the fourth defense the six-year Statute of Limitations is asserted as a partial defense. As the purpose of this action is to revive the previous action and as that action was begun within six years from the earliest transaction alleged, we are unable to see how the Statute of Limitations constitutes a defense. The fifth defense is bad because it sets up merely the accord and satisfaction now attacked for duress. In the sixth defense is set up a stipulation made pursuant to the settlement agreement. While this is a relevant and important piece of evidence upon the subject of ratification and failure to disaffirm, standing alone it constitutes no defense. It is clearly admissible in evidence upon the issues raised by the denials in the other defenses. The seventh defense asserts a lack of jurisdiction in the Supreme Court. We do not pass upon the question as to the extent of the relief which the plaintiff might obtain hereunder. We leave open the question as to whether some of the relief sought is not exclusively within the jurisdiction of the Surrogate's Court. That is a matter to be determined upon the trial. These considerations do not deprive this court of jurisdiction over an action to set aside the settlement. The order so far as appealed from should be modified by striking out the defenses numbered third, fourth, fifth, sixth and seventh, and as so modified affirmed, without costs. Present — Dowling, P. J., Merrell, Martin, O'Malley and Proskauer, JJ. Order so far as appealed from modified by striking out the defenses contained in answer numbered third, fourth, fifth, sixth and seventh, and as so modified affirmed, without costs.