In the Matter of the Application of HELEN SCHWALBACK, Respondent, to Compel the BOARD OF ELECTIONS, Appellant, to Substitute Her as a Candidate for Election as Alternate Delegate to the Democratic State Convention from the Fourth Assembly District in the Place and Stead of MELISSA LEBAU.— The parties having agreed in open court that this appeal may be decided by a court of four justices, the decision is as follows: While the Court of Appeals has held that the court might relieve from certain accidents and mistakes causing delay in filing nominating certificates (*Matter of Lauer* v. *Bd. of Elections*, 262 N. Y. 416), and the same rule may apply to delay in filing declinations, the moving papers were insufficient to invoke the exercise of discretion in favor of respondent. Order reversed on the law, without costs, and motion denied, without costs. Lazansky, P. J., Young, Johnston and Taylor, JJ., concur.

In the Matter of the Application of JOHN WATERS, Appellant, for an Order Directing S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, to Eliminate WILLIAM F. KELLY as a Candidate for Representative in Congress, Fifth Congressional District, Kings County, New York, in the Democratic Primary Election. S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, and WILLIAM F. KELLY, Respondents.— The parties having agreed in open court that this appeal may be decided by a court of four justices, the decision is as follows: It was error for the court to refuse to rule on the testimony taken as to the forgeries. The board of elections did not have power to pass upon the alleged forgeries (*Matter of Frankel* v. *Cheshire*, 212 App. Div. 664), and a failure to file specifications with the board of elections did not deprive the Supreme Court of jurisdiction. It was also error for the court to have held that the petitions and certificates of designation in which alterations had been made were valid, because no specifications had been filed with the board. These petitions and certificates of designation were eliminated by the board of elections on its own motion. The court was authorized to take proof as to the validity of these petitions. Order reversed on the law, without costs, and matter remitted to the Special Term to make a determination as to the forgeries, and in this connection to determine the number of alleged forged signatures which had otherwise been disallowed, to take proof as to the validity of the petitions and certificates in which alterations had been made, to inquire into any other matters properly before the court, and to make order accordingly. Lazansky, P. J., Young, Johnston and Taylor, JJ., concur.