MAX M. SCHWARTZ, Respondent, *v.* WILLIAM J. HEFFERNAN et al., Appellants.

Argued October 20, 1952; decided November 20, 1952.

*Denis M. Hurley, Corporation Counsel (Andrew Bellanca and Seymour B. Quel of counsel), for appellants.* I. Section 145 of the Election Law specifically authorized the board of elections to pass upon the validity of plaintiff's designating petition and objections filed thereto. There is no mandate requiring that petition be accepted as filed. Accordingly, defendants, as members of the board, may not be held personally liable in a suit for damages because of the board's determination thereunder, even though erroneous, especially in the absence of any allegation of malice or bad faith, or breach of a duty owing to

plaintiff. (*Knowles* v. *City of New York,* 176 N. Y. 430; *Leonard* v. *Cammann,* 257 App. Div. 387; *O'Brien* v. *City of Rome,* 262 App. Div. 940; *Gerdes* v. *Reynolds,* 281 N. Y. 180; *Meinecke* v. *McFarland,* 122 Mont. 515; *Gibson* v. *Reynolds,* 172 F. 2d 95, 337 U. S. 925.) II. Under the circumstances the board of elections was fully warranted in passing upon the sufficiency of plaintiff's petition. The members of the board cannot be held personally liable in damages for the determination of the board made in the discharge of its official duties even though it be erroneous, especially in the absence of a showing of a clear breach of duty, or malice or bad faith in the performance thereof. (*Spalding* v. *Vilas,* 161 U. S. 483; *Herwig* v. *Crenshaw,* 188 F. 2d 572, 342 U. S. 905, 342 U. S. 934; *Papagianakis* v. *The Samos,* 186 F. 2d 257; 341 U. S. 921; *Powell* v. *Rothensies,* 183 F. 2d 774; *Gibson* v. *Reynolds,* 172 F. 2d 95, 337 U. S. 925; *Sidbury* v. *Gill,* 102 F. Supp. 483; *Block* v. *Sassaman,* 26 F. Supp. 105; *Jenkins* v. *Waldron,* 11 Johns. 114; *Long* v. *Somervell,* 175 Misc. 119, 261 App. Div. 946; *Tyrell* v. *Burke,* 110 N. J. L. 225.) III. In addition the action complained of — that defendants acted beyond the scope of their authority, power or duty to entertain, inquire into, or act upon and arbitrarily, wrongfully and illegally declared that plaintiff's said designating petition was invalid — relates at best to a breach of a public duty and not one owing to a private individual, and is therefore to be redressed by some form of prosecution and not by an action for damages by a person who conceives himself to be specially injured thereby. (*Papagianakis* v. *The Samos,* 186 F. 2d 257, 341 U. S. 921; *Yaselli* v. *Goff,* 12 F. 2d 396, 275 U. S. 503; *Spalding* v. *Vilas,* 161 U. S. 483; *Conner* v. *Long,* 104 U. S. 228; *Sidbury* v. *Gill,* 102 F. Supp. 483; *People ex rel. Gere* v. *Whitlock,* 92 N. Y. 191; *Long* v. *Mayor of City of N. Y.,* 81 N. Y. 425; *Conner* v. *Mayor of City of N. Y.,* 5 N. Y. 285; *People* v. *Morris,* 13 Wend. 325.) IV. Furthermore, while the action here is against individuals, nothing is alleged in the amended complaint to indicate that the action complained of rests with any particular member of the board of elections. Section 145 of the Election Law places this duty solely with the board, acting by vote of the majority of its members at a meeting called for the purpose. (*Matter of Talbot* v. *Board of Educ. of City of*

*N. Y.*, 171 Misc. 974; *Matter of Cavallaro,* 112 N. Y. L. J. 120; *Matter of Garrett,* 106 N. Y. L. J. 497; *Tyrell* v. *Burke,* 110 N. J. L. 225.) V. Not only does plaintiff's amended complaint fail to set forth facts sufficient to state a cause of action, but public policy requires that public officers, acting in good faith in connection with matters arising from the performance of their official duties, be held immune from personal liability for losses arising from their actions. (*Spalding* v. *Vilas,* 161 U. S. 483; *Herwig* v. *Crenshaw,* 188 F. 2d 572, 342 U. S. 905, 342 U. S. 934; *Papagianakis* v. *The Samos,* 186 F. 2d 257, 341 U. S. 921; *Powell* v. *Rothensies,* 183 F. 2d 774; *Gibson* v. *Reynolds,* 172 F. 2d 95, 337 U. S. 925; *Sidbury* v. *Gill,* 102 F. Supp. 483; *Block* v. *Sassaman,* 26 F. Supp. 105; *Jenkins* v. *Waldron,* 11 Johns. 114; *Long* v. *Somervell,* 175 Misc. 119, 261 App. Div. 946; *Tyrell* v. *Burke,* 110 N. J. L. 225.) VI. The immunity of public officers from civil action has been applied not only in matters requiring the exercise of judgment and discretion but also to functions which are sometimes labeled as ministerial. (*Herwig* v. *Crenshaw,* 188 F. 2d 572, 342 U. S. 905, 342 U. S. 934; *Papagianakis* v. *The Samos,* 186 F. 2d 257, 341 U. S. 921; *Powell* v. *Rothensies,* 183 F. 2d 774; *Cooper* v. *O'Connor,* 99 F. 2d 135, 305 U. S. 642; *Jenkins* v. *Waldron,* 11 Johns. 114; *Tyrell* v. *Burke,* 110 N. J. L. 225.) VII. In any event, the damages, if any, were occasioned by plaintiff's failure to exercise the summary remedy provided for in section 330 of the Election Law, although ample time to do so existed prior to the holding of the primary election. His failure to act under the circumstances bars plaintiff from recovery. (*Porter* v. *Investors Syndicate,* 286 U. S. 461; *Prentis* v. *Atlantic Coast Line,* 211 U. S. 210; *Matter of Powers Management Corp.* v. *Thatcher,* 271 N. Y. 94; *Great Atlantic & Pacific Tea Co.* v. *Boland,* 176 Misc. 258, 261 App. Div. 900; *Matter of Kesbec, Inc.,* v. *Reville,* 246 App. Div. 694; *People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh,* 203 App. Div. 468; *Jaffarian* v. *Murphy,* 280 Mass. 402.)

*Joseph M. Schwartz* for respondent. I. Section 103 of the Election Law imposed upon appellants the obligation to place upon the ballot the name of a candidate designated by petition. This duty and that of examining such petition were ministerial. (*Wicksel* v. *Cohen,* 262 N. Y. 446; *Matter of Lindgren,* 232 N. Y. 59; *Matter of Kaplan* v. *Meisser,* 196 Misc. 237; *Matter of Smith*

v. *Board of Elections,* 196 Misc. 109; *Matter of Collins* v. *Heffernan,* 187 Misc. 165; *Matter of Funkhouser,* 157 Misc. 400; *Matter of Multer* v. *Cohen,* 156 Misc. 564; *Matter of Killeen,* 121 Misc. 482; *Matter of Bednarsh* v. *Cohen,* 267 App. Div. 133.) II. The complaint alleges a willful and calloused disregard by appellants of their plain and clear duty. (*Chotapeg, Inc.,* v. *Bullowa,* 291 N. Y. 70; *Pine Grove Poultry Farm* v. *Newtown By-Products Mfg. Co.,* 248 N. Y. 293; *Crown Embroidery Works* v. *Gordon,* 190 App. Div. 472; *City of Buffalo* v. *New York Central R. R. Co.,* 125 Misc. 801, 218 App. Div. 810; *Raphael* v. *Raphael,* 189 Misc. 144; *Farrelly* v. *Wells,* 115 Misc. 632.) III. The alleged breach by defendants of their statutory duty makes them answerable in damages to plaintiff. (*Goetcheus* v. *Matthewson,* 61 N. Y. 420; *Nixon* v. *Herndon,* 273 U. S. 536; *Frank* v. *Eaton,* 225 App. Div. 149; *Larson* v. *Marsh,* 144 Neb. 644.) IV. The remedy provided by section 330 of the Election Law is not exclusive. Nor is it a prerequisite to the maintenance of this action. (*Matter of Foote* v. *Lee,* 175 Misc. 60; *Matter of Hall,* 157 Misc. 768; *Wingate* v. *Flynn,* 256 N. Y. 690; *Sheils* v. *Flynn,* 252 App. Div. 140; *Matter of Carson,* 164 Misc. 945, 254 App. Div. 801; *Matter of Oliver,* 234 App. Div. 170; *Matter of Bonacher* v. *Chuckrow,* 166 Misc. 171.) V. Appellants should not be granted immunity as a matter of public policy. On the contrary, public welfare demands that the complaint be sustained.

Desmond, J. Since the amended complaint in this case is attacked as insufficient in law, we examine its allegations to see whether they, taken as true for present purposes, spell out a cause of action.

Defendants, sued in their individual capacities and not as public officers, were, in 1950, the members of the Board of Elections of the City of New York. In July of that year, says the amended complaint, plaintiff duly filed with that board " a petition in the manner and form prescribed by the Election Law of the State of New York, consisting of 307 pages, numbered consecutively, containing 3,092 signatures, the dates when signed, the residence, including the election and assembly districts, of the signatories and an affidavit, at the bottom of each sheet, of a duly qualified voter of the State of New York authen-

ticating the subscription of each signatory, whereby plaintiff was designated as a candidate in the primary election for the year 1950 for nomination as candidate of the Democratic Party for the public office of Member of the Assembly of the State of New York, 18th Assembly District, County of Kings, and for election to the party position of Member of the State Committee (Male), 18th Assembly District, County of Kings, Democratic Party.'' The next averment of the pleading is that '' the said Board of Elections duly accepted said petition.'' Then follow allegations that objections (see Election Law, § 145) were filed with the board, and that, in accordance with the board's '' rules and practice '' the petition and the objections were examined by the board's clerical staff.

Paragraph 7 of the amended complaint says that, on July 31, 1950, defendants, acting as the board of elections, held a hearing as to the objections, at which hearing the board received the report of its clerks, who reported to the board that plaintiff's petition contained a total of 3,092 signatures but that 721 thereof were invalid, which left 2,371 valid signatures, and that such a petition required 350 valid signatures, only. That report, alleges plaintiff, '' was not challenged or disputed by the objectors, the candidate or defendants and the same was duly accepted and adopted by defendants.'' The petition, according to the amended complaint, actually did contain 2,371 valid signatures, just as reported by the board's clerks, and was '' a good, sufficient and valid designating petition.'' It was, therefore, pleads plaintiff, the duty of defendants to put plaintiff's name on the appropriate ballot for the primary election of August 22, 1950.

Paragraph 12 of the amended complaint says that '' defendants arbitrarily, wrongfully and illegally failed, neglected and refused to place the name of plaintiff upon said ballot for the primary election as aforesaid and plaintiff's name did not appear thereon.'' The remaining allegations are these: that by reason of defendants' nonfeasance plaintiff was deprived of his right to be a candidate, and that he has been further damaged in that he had expended a considerable sum for printing the rejected petition, and for other campaign expenditures.

Both courts below, denying the motion to dismiss, held the pleading sufficient, the Special Term opinion relying largely on

*Frank* v. *Eaton* (225 App. Div. 149, 227 App. Div. 829) and similar decisions in other jurisdictions. The majority in the Appellate Division wrote no opinion. The dissenting Justice in that court thought that plaintiff was entitled to no relief by suit, since, as the dissenting opinion says (279 App. Div. 898): "The damages which plaintiff is claiming are those occasioned not by any action of the board of elections, but by plaintiff's own failure to exercise the summary remedy provided in section 330 of the Election Law " — that is, by his failure to seek a review, in the Supreme Court, of the board's rejection of his petition.

Defendants' attack on the pleading in this court may be summarized thus: (1) Since the board is authorized by law to pass on such questions, its members may not be held personally liable for damages for any determination thereon, even though erroneous, especially in the absence of any allegation of malice or bad faith; and (2) that plaintiff's damages, if any, were caused by his own failure to seek the summary remedy provided by the Election Law (§ 330).

It is settled that boards of election have no power to deal with questions of fact or with objections involving matters not appearing upon the face of the petition, and that such extrinsic matters, if any, are to be determined in court proceedings only (*Matter of McGovern* [*Olson*], 291 N. Y. 104, 108). In other words, the board's power to determine the validity of a nominating petition " extends only to ministerial examination " and the board " may not go behind a petition designating candidates for primary election " (Abrahams' New York Election Law, p. 339; see Gassman's Election Law, § 41). It follows that, when plaintiff's petition was objected to, the board could do no more than scrutinize the face thereof, as to compliance with the Election Law. If, as plaintiff alleges, such examination showed compliance with the statute, the board was *functus officio*. It was bound to go no further, but to accept the document and put plaintiff's name on the ballot.

But, say defendants, that duty of the board was one owed to the public generally, not to any one individual such as plaintiff, and its breach was, therefore, not an actionable wrong to plaintiff. Such a view of the law is directly opposed to the holding in *Frank* v. *Eaton* (225 App. Div. 149 [1928], *supra*) (and

in *Larson* v. *Marsh,* 144 Neb. 644, and *Moore* v. *Kessler,* 59 Ind. 152, the other leading American cases). *Frank* v. *Eaton* should, we think, be followed by us, not only because of its convincing reasoning, but because it is in accord with strong precedents elsewhere, including cases in other States and ancient English rulings (see 153 A. L. R. 148). Citing *Goetcheus* v. *Matthewson* (61 N. Y. 420) as upholding the right to sue for damages of a citizen wrongfully deprived of the right to *vote,* Justice WHITMYER, in *Frank* v. *Eaton,* concluded that " if it exists in that case, it must exist in the case of a candidate, who has been illegally deprived of his rights " (225 App. Div., p. 151). With that we agree. Appellants here point out that, in the *Frank* case, the act complained of was a felony, but there is nothing in the *Frank* opinion (or in any of the other cases on the subject, we think) to suggest that this circumstance controlled the result.

*Frank* v. *Eaton* (*supra*) is authority, too, for rejecting the argument (adopted by the trial court in that very case) that plaintiff's only remedy was by court review of the board's action, under section 330 of the Election Law. The remedy under that statute, wrote the Appellate Division, " is not declared to be exclusive and is to be construed as cumulative." (P. 151.) Here, again, we agree. If it be true, as alleged, that these defendants arbitrarily rejected an entirely valid nominating petition, then a wrong to plaintiff was complete and immediately actionable, even though, by a different sort of legal proceeding, the board's determination, as such, could have been reviewed in the courts. We see nothing, in the language or purpose of section 330, to indicate otherwise. The four New York, and the two Federal decisions[1] listed by appellants at this point in their argument all involve lawsuits against public officials as such, and in each the question was simply this: when a statute sets up a specific method of reviewing official action, may a different sort of suit or proceeding be substituted therefor?

---

[1] *Matter of Towers Management Corp.* v. *Thatcher,* 271 N. Y. 94, 97; *Great Atlantic & Pacific Tea Co.* v. *Boland,* 176 Misc. 258, affd. 261 App. Div. 900; *Matter of Kesbec, Inc.,* v. *Reville,* 246 App. Div. 694; *People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh,* 203 App. Div. 468; *Porter* v. *Investors Syndicate,* 286 U. S. 461, 468; *Prentis* v. *Atlantic Coast Line,* 211 U. S. 210, 229–230.

Of course, as appellants point out, there is a line of cases holding that public officers with entirely different duties are not liable for damages, at the suit of a citizen, for making non-malicious and nonfraudulent mistakes adversely affecting that citizen's rights or interests. But a different public policy operates as to election officials. Indeed, this is stated most plainly in the Massachusetts case called to our attention by appellants: *Jaffarian* v. *Murphy* (280 Mass. 402). That litigation involved an attempt by a license applicant to collect from a city mayor, as damages, the counsel fee spent by plaintiff in bringing a successful mandamus proceeding to compel the mayor to grant a license which had been improperly refused. Chief Justice Rugg, for the Massachusetts Supreme Court, wrote this (p. 407): "There is a line of cases in this Commonwealth holding that one having the legal qualifications entitling him to be registered as a voter or to vote, but denied that right by the honest but mistaken act of public officers, has a right of action in tort against those who have thus done him a wrong. * * * These cases have been said by Chief Justice Shaw to rest upon ' grounds of public policy, the importance of the personal right, and the difficulty of indicating it in any other way.' " For at least two centuries the courts in jurisdictions with representative forms of government have given most special protection to a citizen's right to vote (*Herring* v. *Finch,* 2 Lev. 250 [1679], 83 Eng. Rep. 542) and, correlatively, his right to be a candidate (*Sterling* v. *Turner,* 1 Vent. 206 [1672], 86 Eng. Rep. 139). It would not do to cut down that protection.

But appellants insist that this amended complaint, since it lacks allegations of " malice " or " bad faith ", charges no more than a mere mistake. *Frank* v. *Eaton* (*supra*) at least suggests and *Moore* v. *Kessler* (*supra*) flatly holds (see, also, 29 C. J. S., Elections, § 64, p. 89, " *Action by candidate* ") that there is liability, malice or no, for denial of rights in regard to candidacies. We will deal with that question when we come to it, but it is not presented by this motion. By moving to strike the pleading for insufficiency, defendants have authorized us, temporarily, to accept its statements as true. Surely, this amended complaint accuses defendants of more than a mere good-faith mistake, when it asserts that the petition was entirely sufficient on its face, that the board's clerks so reported to the

board, that this report was not challenged by the objectors or the board, but that the board members, arbitrarily and on grounds which they were not authorized to consider, declared a valid nominating petition invalid.

The order should be affirmed, with costs, and the question certified answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed, etc.