■ ANNIE HEGEMAN et al., Respondents, v. A. ALFRED CONRAD, Appellant.— The further amended complaint alleges a first cause of action to set aside a stipulation of settlement made in a prior action, and a second cause of action for an accounting. The appeal is from an order insofar as it denies a motion under rule 106 of the Rules of Civil Practice to dismiss the first cause of action for insufficiency. Order insofar as appealed from affirmed, with $10 costs and disbursements. In our opinion, the allegations of fraud and overreaching, coupled with the further allegations that the respondents' minds were overcome, that they were deprived of free will, and that they were in a state of great apprehension and fear, constitute a sufficient first cause of action. Such allegations are required to be accepted as true as a matter of pleading (*Schwartz* v. *Heffernan*, 304 N. Y. 474, 482; 2 Wigmore on Evidence [3d ed.], p. 774), although of seeming improbability (*Trenkman* v. *Smith*, 226 App. Div. 774, 775). Beldock, Murphy and Hallinan, JJ., concur; Nolan, P. J., and Ughetta, J., dissent and vote to modify the order by striking from the first ordering para-

graph the word " denied " and by substituting therefor the word " granted ", with the following memorandum: The first cause of action pleaded in the further amended complaint in our opinion fails to state facts sufficient to constitute any cause of action based on coercion, overreaching or fraud. One to whom false representations have been made cannot complain that he was induced to act on them, if the facts are not peculiarly within the knowledge of the party making the representations, and the one to whom the representations have been made has the means of knowing, by the exercise of ordinary intelligence, the truth or falsity of the representations made. (*Schumaker* v. *Mather*, 133 N. Y. 590.) Consequently, allegations in the further amended complaint that appellant conspired to mislead respondents' former counsel by stating to him that respondents were not disclosing the whole truth to their said former counsel, and that appellant had exhibited a letter to such former counsel wherein appellant claimed he was a partner of respondents and had paid taxes on certain real property as such partner or co-owner, combined with allegations that such statements and claim of partnership were false and known so to be and that respondents relied upon such statements and claim to their damage, state no cause of action in fraud. Neither do they support respondents' claim of coercion. No overreaching by appellant is pleaded, it being alleged that the conduct complained of occurred after the relationship of attorney and client between appellant and respondents had been terminated, and while respondents were represented by another attorney. [See *post,* p. 721.]