■ MAX M. SCHWARTZ, Appellant, v. CARMINE G. DESAPIO et al., Respondents.— Judgment after trial dismissing plaintiff's amended complaint unanimously reversed, on the law and in the exercise of discretion, and a new trial granted, with costs to abide the event. The Board of Elections, in rejecting plaintiff's petition, acted without its jurisdiction, as it cannot be determined from the face of the petition alone that the subscribing witnesses were guilty of fraud or perjury (*Schwartz* v. *Heffernan*, 304 N. Y. 474, 480; *Matter of Bednarsh* v. *Cohen*, 267 App. Div. 133; Abrahams, New York Election Law, p. 340; Gassman, Election Law, § 41). Consequently, the usual presumption of validity with respect to the board's acts does not attach (cf. *Matter of Warsoff* v. *Cohen*, 264 App. Div. 953, affd. 289 N. Y. 108). Since defendants are the ones who assert that the subscribing witnesses are guilty of fraud or perjury, the burden of going forward — once the petitions were introduced in evidence, and received generally — rested on them (see *Miles* v. *Loomis*, 75 N. Y. 288, 291–292; *Hoffman* v. *Hoffman*, 6 App. Div. 84, 85; Abbott's Civil Jury Trials [5th ed.], p. 412). Of course, the burden of proof on the whole case never shifted from plaintiff who, on these pleadings, must ultimately establish that his petition was valid and entitled him to be on the ballot (see *Schwartz* v. *Heffernan, supra,* p. 481). Furthermore, all agree that, under the circumstances here present, it was an abuse of discretion for the trial court not to permit plaintiff to reopen his case for the purpose of offering additional proof to establish the validity of the petition (see *Hollenbeck* v. *Hollenbeck,* 286 App. Div. 937; *Asserson* v. *City of New York,* 195 App. Div. 12). Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.