Michael Catalano, J.
These proceedings were heard together, but not consolidated.
Petitioner Mirrington seeks an order certifying him as the nominated candidate of the Conservative party for ‘ ‘ Member of Assembly of the 137th Assembly District, ’ ’ and placing his name on the ballot as such candidate in the general election, November, 1966; respondents counter-move to invalidate Mirrington’s nominating petition.
Prior to May 27, 1966, Mirrington mailed his petition to respondents, who received it the next day, for the primary election, June 28,1966. No objections were filed against this petition and no other candidate filed a petition for such office.
Mirrington’s name did not appear upon the ballot for the June primary because his nomination was uncontested.
On July 14,1966, Mirrington was notified by respondents that his petition was rejected because of insufficient signatures.
The Mirrington nominating petition contained 10 names; five signatures were needed for its validity.
On July 13, 1966, six persons whose signatures appeared on the Mirrington petition denied, in affidavits, that they signed it; one of them added that she told the ‘ ‘ witness ’ ’ to the signatures ‘ ‘ on the phone ’ ’ to sign her name for her; another person added that he gave the “ witness ” permission to sign his name to it. This “witness ” stated at the foot of the Mirrington petition, inter alia, that ‘ ‘ I know each of the voters whose names are subscribed to this petition containing 10 (fill in number) signatures and each of them subscribed the same in my presence and upon so subscribing declared to me that the foregoing statement, made and subscribed by him, was true.”
Petitioner Pope seeks similar relief as Mirrington, certifying him as nominated by the Conservative party for member of Assembly of the “138th Assembly District,” respondents counter-move to invalidate his petition, also.
The facts in the Pope application are similar to Mirrington’s, except the Pope petition had 11 names; four signatures were needed to be valid.
Five persons whose signatures appeared on the Pope petition denied in affidavits that they signed it. A lawyer executed an affidavit stating that two alleged signatories told him that they did not sign the Pope petition, but they refused to sign affidavits of denial.
In a representative form of government, it is essential that the courts protect a citizen’s right to vote and his correlative right to be a candidate for public office. (See Schwartz v. Heffernan, 304 N. Y. 474, 482.)
*307 The Supreme Court may summarily determine any question of law or fact arising under section 330 of the Election Law. Such question related to the nomination of any candidate may arise in a proceeding instituted by one of three persons, viz.: (1) “any candidate aggrieved,” or (2) “the chairman of any committee as defined in section two,” or (3) “a person who shall have filed objections pursuant to section one hundred forty-five.” {Ibid., subd. 2.) No other person may institute such a proceeding and the court lacks jurisdiction to hear it. (See Matter of Taylor v. Redmond, 239 App. Div. 112; Matter of Counts v. Smith, 1 N Y 2d 809, 810; Matter of Lewis v. Murray, 10 Misc 2d 1009, 1011.)
All questions of fact, such as forgery or fraud, not appearing on the face of a petition are to be determined in court proceedings only. (Matter of McGovern [Olson], 291 N. Y. 104, 108; Schwarts v. Heffernan, 304 N. Y. 474, 480, supra; Matter of Bednarsh v. Cohen, 267 App. Div. 133, 135, mot. for lv. to app. den. 292 N. Y. 578 and 723; Matter of Frankel v. Cheshire, 212 App. Div. 664, 667, 671.)
Section 149 of the Election Law entitled, “ Uncontested primaries,” provides: “All persons designated for uncontested offices or positions at a primary election shall be deemed nominated or elected thereto, as the case may be, without balloting. ’ ’ (L. 1959, ch. 684, § 10.) This section dispenses with the primary for an uncontested office, but before a candidate is deemed nominated, his petition shall be sufficient. (See Matter of Hooper v. Power, 17 A D 2d 816, 817, affd. 12 N Y 2d 764.) The burden is on the objectant to prove invalidity of signatures. (Matter of Ecker v. Cohen, 239 App. Div. 145, 146.)
Although a signer of a designating petition ‘need not himself fill in the date, residence, ward, election district, town or city or assembly district” (Election Law, § 135, subd. 1; L. 1954, ch. 745, § 1), he shall sign his name to the petition (Matter of Le Sawyer v. Board of Elections of Columbia County, 207 Misc 12, 15) in the subscribing witness’ presence in order to be counted. (Matter of Kerns v. Whiting, 187 Misc. 656, 659.)
A board of elections may not consider questions of fact or objections not appearing on the face of the petition; it may only ministerially examine the face of the petition to determine its compliance with the Election Law; having done so, the board is functus officio, and if such examination shows compliance, it is ‘ ‘ bound to go no further, but to accept the document and put plaintiff’s name on the ballot.” (Schwartz v. Heffernan, 304 N. Y. 474, 480.)
*308 Where no objection is made to a nominating petition regular on its face, the designee is deemed nominated at an uncontested primary; any attempt by the board of elections to invalidate such petition is void, since the designee is entitled to certification as a candidate after the primary election date. (Matter of Fazio v. Meisser, 209 N. Y. S. 2d 17, 18, 19, affd. 11 A D 2d 1029.) The board’s void action is not presumed valid. (Schwartz v. DeSapio, 9 A D 2d 756.)
Here, respondents cross-claim in their capacities as members of the Board of Elections of Niagara County, New York. This court has no jurisdiction to hear their cross claim because they do not qualify as one of the three persons described in subdivision 2 of section 330 of the Election Law. In any event, both petitioners were entitled to certification as nominees after the date of the uncontested June primary.
It may be that judicial powers should be vested in the board of elections to hear, try and determine issues of fact and law, including forgery and fraud; it may be that members of the board, as such, should be qualified to institute proceedings before the Supreme Court to invalidate nominating petitions; but such powers and rights are for the Legislature of the State of New York to grant, not the courts.
It follows that the relief sought by the petitioners should be granted in both proceedings; that the relief sought by the respondents should be denied. No costs.