Edward S. Conway, J.
Petitioner, Herman B. Ferguson, has petitioned this court for an order directing the Secretary of State to rescind his ruling that the petitioner’s nominating petition be declared null and void and to declare the said petition valid and to accept and file the same and to place petitioner’s name on the voting machine as the designated candidate of the Freedom and Peace party for the office of United States Senator.
This petition presents two questions to the court. First: Did the candidate fail to file the proper acceptance? Second: Is the petitioner ineligible to serve under section 147 of the Election Law because he stands convicted of a felony?
Section 147 of the Election Law provides as follows: “ § 147. Certain persons not eligible for nomination. A person shall not be nominated for a public office who (1) is not a citizen of the state of New York; (2) is ineligible to be elected to such office; or (3) who, if elected, will not at the time of commencement of such office, meet the constitutional or statutory qualifications thereof. ’ ’
The petitioner would be ineligible under that section of the Election Law if section 79 of the Civil Eights Law, formerly section 510 of the Penal Law, applies to a Federal office. Section 79 of the Civil Eights Law provides in part as follows: “ § 79. Forfeiture of office and suspension of civil rights. A sentence of imprisonment in a state prison for any term less than for life or a sentence of imprisonment in a state prison for an indeterminate term, having a minimum of one day and a maximum of natural life, forfeits all the public offices ”.
The United States Constitution (art. I, § 3, par. 3) prescribes the qualifications for the office of United States Senator as follows: “ No person shall be a Senator who shall not have attained to the Age of thirty Years, and been nine Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State for which he shall be chosen.”
There is no claim that petitioner lacks any of the enumerated qualifications. These are the only qualifications one must have *1043 to hold that office. The State of New York may not add to these qualifications nor prevent one having them from seeking the office by any prohibition, even the commission of a felony. In the Matter of O’Connor v. Cohen (173 Misc. 419, 421) the court said: “‘It would seem but fair reasoning upon the plainest principles of interpretation, that when the Constitution established certain qualifications as necessary for office, it meant to exclude all others as prerequisites ’ — and as Cooley stated it in his * General Principles of Constitutional Law ’ ([3d ed.] pp. 285, 290): * The Constitution and laws of the United States determine what shall be the qualifications for Federal office, and State Constitutions and laws can neither add to nor take away from them.’ ” (See State ex rel. Handley v. Superior Ct. of Marion County, 238 Ind. 421.)
The court, though sympathetic to the principle that a convicted felon should not be allowed to hold the office of United States Senator is constrained to rule with the petitioner.
We turn now to the first question which involves the question of whether or not the acceptance of the petitioner was valid under section 314 of the Election Law which provides in subdivision 12 thereof that the acceptance of an independent nomination must be filed no later than September 11, 1968.
The petitioner filed a purported acceptance on September 11, 1968 for the office of Congressman from the State of New York to be voted on at the general election to be held on November 5, 1968, which was duly acknowledged. This, he contends now, was a stenographic error which was not noted by the petitioner before he signed the acceptance.
Section 330 of the Election Law gives the court the discretion to validate this consent as follows: “ § 330. Summary jurisdiction. The supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally. Such proceedings may be instituted as a matter of right and the supreme court shall make such order as justice may require.”
Here, no one was deceived or injured by the error in the acceptance and the only office for which the Freedom and Peace party had nominated the petitioner was for the office of United States Senator. His acceptance of nomination setting forth the party making the nomination and the election at which he was to be a candidate was set forth in the acceptance filed by petitioner and it clearly related to the only petition on which he was nominated for the office of United States Senator.
*1044 The court has exercised its discretion to validate a certificate of nomination or consent, technically held to be invalid, where no prejudice was suffered by anyone and the intent to comply with the law was evidenced. (Matter of Dow, 52 Misc 2d 153, affd. 18 N Y 2d 853.) (See, also, Matter of Carson v. Lomenzo, 18 N Y 2d 263; Matter of Crisafulli v. Lomenzo, 18 N Y 2d 787.)
The petitioner is entitled to the relief he seeks and the Secretary of State should accept and file the certificate of acceptance nunc pro tunc of Herman B. Ferguson for United States Senator and place his name on the ballot for the general election of November 5,1968.