Daniel Gr. Albert, J.
Petitioner, the chairman of the Nassau County Conservative Committee, seeks an order of this court pursuant to section 330 of the Election Law restoring the name of Vincent DeMeo to the ballot on Election Day, 1972, as the Conservative Party candidate for member of the New York State Assembly, Fourteenth Assembly District, Nassau County, on the ground that the respondents improperly struck the designating petition of said party and candidate as being insufficient *311 due to a lack of the required number of signatures. It is conceded that 44 signatures were needed; 74 were obtained; and the Board of Elections invalidated 37 signatures, leaving only 37 valid signatures. For purposes of this proceeding, attention has been focused exclusively on Sheet 5 of the designating petition, which contains 12 signatures, all of which were invalidated due to a patently incorrect date on the attestation of the subscribing witness. Petitioner has consented to the board’s invalidation of the other challenged signatures, and his petition must succeed or fail on the alleged sufficiency of Sheet 5. The respondent board concedes that if the 12 signatures on Sheet 5 are validated, the designating petition would then have a sufficient number of signatures (49).
Respondent’s motion to dismiss on the ground that petitioner lacks standing to institute this proceeding pursuant to section 33Ó of the Election Law is denied. Petitioner is concededly the chairman of the Nassau County Conservative Committee, and has standing pursuant to subdivision 2 of section 330 of the Election Law to institute a proceeding, and thereby invoke this court’s summary jurisdiction, in order to determine a question relating to “the nomination of any candidate,” as opposed to “the designation of any candidate,” which latter proceeding may be instituted only by the candidate or an objectant. (Election Law, § 330 subd. 1.) Since it was established at the hearing held herein that there is and will be but one designating petition for the Conservative Party nomination for the position of Assemblyman from the Fourteenth Assembly District, viz., that of Mr. DeMeo, there will be no balloting for the aforesaid position at the primary election and the Conservative nominee has, in truth and fact, been selected. (Election Law, § 149.) The petitioner by this proceeding seeks to establish that the nomination of Mr. DeMeo has been improperly invalidated by the respondents, and subdivision 2 of section 330 of the Election Law expressly authorizes him to apply for appropriate relief from irregularities in a nomination. (Matter of Carson v. Lomenzo, 18 N Y 2d 263.) Moreover, section 330 expressly directs that its provisions “ shall be construed liberally,” and petitioner herein is clearly acting on behalf of his party’s candidate. It would indeed be a harsh result if his petition could not be heard, and Vincent DeMeo’s name thus automatically stricken from the ballot, simply because this proceeding was instituted by the party chairman and not by the candidate himself, especially when, as noted above, he is to be the only candidate and the consequent nominee. In order to *312 promote substantial justice and to equitably determine the issues herein, so that the electors of our citizenry may have every lawful opportunity to express their views on Election Day, the merits of this proceeding must be considered, and the court will not dismiss the petition because it is brought by the party chairman and not the candidate. As stated above, substantial compliance with section 330 has been found, and the motion to dismiss is denied. (See Matter of Lerner v. Power, 1 N Y 2d 912; Carson v. Lomenzo, supra; Mirrington v. Vandemarh, 51 Misc 2d 305.)
The only substantive issue in the proceeding at this point is the validity of the 12 signatures on Sheet 5 of the petitioner’s designating petition, allegedly invalid because the subscribing witness’ attestation is dated May 14, 1972 and the petition was concededly filed on May 11,1972. The date “ May 14 ” is clearly erroneous, and the question presented to the court is twofold: (1) as a matter of fact, what caused the error, and (2) as a matter of law, what power does the court possess, if any, to rectify such error.
The signatures on Sheet 5 are dated as follows: one on April 30, seven on May 1, and four on May 2. The subscribing witness, Theresa S. Carr, properly affixed her signature thereto, but the date next to her signature is “ May 14, 1972 ”, obviously incorrect as above noted. The testimony established that Mr. DeMeo and this subscribing witness executed several petition sheets on the afternoon of May 4, 1972, and as to such attestations DeMeo filled in the required information, including the date, and at the same time and in his presence Theresa S. Carr properly affixed her signature thereto. Aside from the one incorrect date, such a procedure is in no way invalid (18 N. Y. Jur., Elections, § 197), and was followed by DeMeo and this same subscribing witness on May 4, 1972 as indicated (1) on Sheet No. 107 of the designating petition for candidate for Family Court Judge; (2) on-Sheet No. 71 of the designating petition for candidate for District Court Judge; and (3) on Sheet No. 87 of the designating petition for candidate for County Court Judge. Mr. DeMeo filled out the attestation in black ink, including the date “May 4, 1972,” and Theresa S. Carr signed her name in blue ink. Each of these four sheets is filled out in an identical manner, but for the date ‘ ‘ May 14, 1972 ” in black ink on the sheet under attack. DeMeo likewise filled out and personally signed in black ink other attestations on the same date, May 4, and he testified that Sheet No. 5 to his personal knowledge and recollection was attested *313 to by Theresa S. Carr on May 4, 1972, but that either through inadvertence on his part, or by a later alteration of the sheet, the date May 14 was inserted. It should be noted that the Assembly District in question is the Fourteenth, and that in the same attestation DeMeo had incorrectly placed a “14” in one space, later crossing it out to make it a “ 7 ” (describing a previous Assembly District).
It is clear to this court from all the evidence submitted that DeMeo inadvertently and unintentionally misdated the attestation for the subscribing witness, putting “ May 14 ” where he meant to put “May 4”, and that this is the reason why the attestation on Sheet No. 5 bears a date three days later than the date on which it was properly filed with the respondent Board of Elections.
Under such circumstances petitioner seeks to have the court correct the irregularity nunc pro turne, and thus declare the designating petition in all respects valid and sufficient. It is clear that fraud and even the possibility of fraud must be guarded against at every opportunity, especially by the courts which are empowered by section 330 to summarily decide any question of law and fact relating to the sufficiency of a designating or nominating petition such as the one in issue herein. If there is a remote possibility that a fraud may be perpetrated or encouraged by granting the relief sought, the court is bound to refuse to grant such relief. This rationale has been the principal basis for the decisions in Byrnes v. Board of Elections, 134 N. Y. S. 2d 257 and Volk v. Clayton, 134 N. Y. S. 2d 648, cited by the objectant herein, and in Matter of Bedrick (N. Y. L. J., Sept. 6, 1963, p. 14, col. 3) relied upon by the respondent Board of Elections. Where there is no possibility of fraud, however, and where a mere irregularity has been shown which the court can correct without causing any prejudice to any person, the courts will not hesitate to so act in liberally construing and implementing the provisions of the Election Law. (See, e.g., Matter of Ferguson v. Lomenzo, 57 Misc 2d 1041; Matter of Sykes v. Millspaugh, 22 A D 2d 710; Matter of Keough, 179 Misc. 1; Matter of Zichello, 50 N. Y. S. 2d 48.)
In the present proceeding there is no hint of fraud or deception practiced by anyone, and certainly no one has been deceived or misled by the entry of thé erroneous date in the sheet in question. Similarly, no one can possibly be prejudiced by the court’s rectifying such an irregularity nunc pro tunc, and on. the contrary such judicial action will inure to the benefit of the electors who should be given every lawful opportunity to express *314 their preference in the ballot box. As the Court of Appeals stated in Carson v. Lomenzo (18 N Y 2d 263, 267) “in the absence of any possibility of fraud, the court at Special Term was eminently justified in directing that the declination [which had not been dated properly] be amended nunc pro tunc so as to be in proper form.”
For all these reasons, and in the interest of substantial justice, it is the determination of this court that the date of the attestation on Sheet No. 5 in question should be corrected from “ May 14,1972 ” to “ May 4, 1972 ”, thus validating the 12 signatures on that page. The addition of such signatures to the admittedly valid 37 signatures gives petitioner a sufficient number of signatures to sustain the designating petition of Mr. DeMeo, and accordingly judgment is granted petitioner declaring the designating petition of Mr. DeMeo valid and sufficient and directing the Board of Elections to Restore his name to the ballot for Election Day, 1972.