■ In the Matter of JEFFREY L. BARRETT et al., Respondents, v RICHARD L. BRODSKY, Appellant, and LLOYD KING, JR., et al., Respondents. [602 NYS2d 397] —In a proceeding to invalidate a petition designating Richard L. Brodsky as a candidate in a primary election to be held on September 14, 1993, for the nomination of the Democratic Party as its candidate for the public office of Westchester County Executive, the appeal is from a judgment of the Supreme Court, Westchester County (Palella, J.), dated August 6, 1993, which granted the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the proceeding is dismissed, and the Westchester County Board of Elections is directed to place the name of Richard L. Brodsky on the appropriate ballot.

The issue on this appeal is whether the Election Law requires the disqualification of signatures on a designating petition when the subscribing witness fails to include in the "Statement of Witness" the town or city in which the witness resides. We find that the failure of the subscribing witness to include the town or city in the "Statement of Witness" is no longer a fatal defect which renders the petition invalid.

Prior to January 1, 1993, the designation of the town or city in the statement of a witness to a designating petition was part of the content of the petition mandated by the Legislature (i.e., a matter of substance and not of form), and the omission of the prescribed information was fatal (see, Matter of Frome v Board of Elections, 57 NY2d 741, 742). However, the Election Reform Act of 1992 (L 1992, ch 79), which became effective January 1, 1993, requires only that an attesting witness furnish a residence (and a postal address, if different) and entirely eliminated any requirement for the inclusion in the "Statement of Witness" of the town or city or other political subdivision where the witness resides (see, L 1992, ch 79, § 10; see also, Matter of Falu v Wagner, 185 AD2d 791). This witness identification information must now be added beneath the witness's signature prior to filing the petition with the Board of Elections (see, Election Law § 6-132 [2]).

This amendment is consistent with the general legislative intent of the Election Reform Act, which, inter alia, is to facilitate access to the ballot by party and independent candidates (see, L 1992, ch 79). Mangano, P. J., Thompson, Lawrence and Pizzuto, JJ., concur.