■ In the Matter of ROBERT D. GOODSTEIN, Respondent, v PHYLLIS G. ROSS, Appellant, and LLOYD KING, JR., et al., Respondents. [602 NYS2d 398] —In a proceeding to invalidate a petition designating Phyllis G. Ross as a candidate in a primary election to be held on September 14, 1993, for nomination of the Democratic Party as its candidate for the public office of Member of the New Rochelle City Council, 5th Council District, the appeal is from a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated August 11, 1993, which granted the application.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the proceeding is dismissed, and the Westchester County Board of Elections is directed to place the name of Phyllis G. Ross on the appropriate ballot.

The issue on this appeal is whether the Election Law requires the disqualification of signatures on a designating petition when the subscribing witness fails to include in his "Statement of Witness" the town or city in which the subscribing witness resides. We find that the failure of the subscribing witness to include the town or city in the "Statement of Witness" is no longer a fatal defect which renders the petition invalid (see, Matter of Barrett v Brodsky, 196 AD2d 603 [decided herewith]). Mangano, P. J., Thompson, Lawrence and Pizzuto, JJ., concur.