■ In the Matter of PATRICIA O'DWYER et al., Appellants, v MYRON C. URBANSKI et al., Respondents. [602 NYS2d 653] —In consolidated proceedings to validate petitions nominating Patricia O'Dwyer, Joan E. Goldberg, Susan M. Bloom, John F. Wood, and Gerald Rosner as candidates of the Neighbors

Party for the public offices of Supervisor, Town Justice, Council Member, Council Member, and Receiver of Taxes and Assessments for the Town of Goshen, respectively, in the general election to be held on November 2, 1993, the appeal is from a judgment of the Supreme Court, Orange County (Silverman, J.), dated September 15, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners' independent nominating petitions were invalidated because, *inter alia,* 78 of the 227 persons who signed the petitions failed to indicate their election district as required by Election Law § 6-130. Although the petitioners concede that the invalidation of these 78 signatures renders the number of valid signatures on their petitions below the minimum number needed, they argue on appeal that the defect should not be fatal, as the election district of the signers is readily ascertainable through computer and other voting records. Further, citing to certain recent decisions of this Court *(see, e.g., Matter of Barrett v Brodsky,* 196 AD2d 603; *Matter of Goodstein v Ross,* 196 AD2d 615), the petitioners argue that the Election Reform Act of 1992 (L 1992, ch 79) liberalized construction of the Election Law. However, Election Law § 6-130, unlike the section construed in the cases cited by the petitioner (Election Law § 6-132), was not amended by the Election Reform Act of 1992 and failure to adhere to its mandates is fatal *(see, Matter of Harfmann v Sachs,* 138 AD2d 551; *Matter of Faulstitch v Kasper,* 122 AD2d 903). Thus, the consolidated proceedings to validate the petitions were properly dismissed. Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.