(May 22, 2006)

■ In the Matter of NOEL FEUSTEL, Appellant, v ROBERT L. GARFINKLE et al., Respondents. [815 NYS2d 256]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition nominating Hugh A. O'Brien as a candidate of the Put Saltaire First Party for the Public Office of Trustee of the Village of Saltaire in the general election to be held on May 26, 2006, the petitioner appeals from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated May 11, 2006, as granted the petition only to the extent of remitting the matter to the Suffolk County Board of Elections to "immediately take all steps necessary to render a determination on the questions raised by the petitioner's objections and specifications."

Ordered that the order is modified, on the law, by deleting the provision thereof remitting the matter to the Suffolk County Board of Elections to "immediately take all steps necessary to render a determination on the questions raised by the petitioner's objections and specifications" and substituting therefor a provision granting the petition to the extent of remitting the matter to the Suffolk County Board of Elections to render a determination after a ministerial examination of the petitioner's objections and specifications; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the objections involving matters not appearing on the face of the candidate's petition, including fraud.

After the Supreme Court determined that the petitioner's specifications were timely filed, contrary to the ruling of the Suffolk County Board of Elections (hereinafter the Board), the court erred insofar as it remitted the matter to the Board to render a determination of the questions of fraud raised by the petitioner's objections and specifications. The power of a board of elections to determine the validity of a nominating petition "extends only to ministerial examination" (*Schwartz v Heffernan,* 304 NY 474, 480 [1952] [internal quotation marks omitted]); *see Matter of Sullivan v New York City Bd. of Elections,*

224 AD2d 565 [1996]). A board of elections has "no power to deal with questions of fact or with objections involving matters not appearing upon the face of the petition, and . . . such extrinsic matters, if any, are to be determined in court proceedings only" (*Schwartz v Heffernan, supra* at 480). In the instant matter, the petitioner's objections and specifications raised issues of fact regarding, inter alia, potential fraud by the candidate himself as well as by those signing and/or witnessing the independent nominating petition (*see Matter of Bessinger v Mahoney,* 153 AD2d 791, 792 [1989]; *cf. Matter of Mansfield v Epstein,* 5 NY2d 70, 73 [1958]; *Matter of Wicksel v Cohen,* 262 NY 446 [1933]). Accordingly, the Supreme Court erred to the extent that it remitted the matter to the Board for determination of those issues. We note that after oral argument of this appeal, the Board exercised its ministerial function of reviewing the challenged petitions, upheld them by a divided vote, and observed that it was without authority to determine the allegations of fraud as alleged in the objections and specifications of objections. We express no view as to the merits of the allegations of fraud.

The parties' remaining contentions either are without merit or are not properly before the Court. Krausman, J.P., Goldstein, Skelos and Lunn, JJ., concur.