In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Daniel E Maloney as a candidate in a primary election to be held on September 14, 2010, for the nomination of the Republican Farty as its candidate for the public office of Representative in Congress from the 4th Congressional District, the petitioners appeal from a final order of the Supreme Court, Nassau County (Winslow, J.), dated August 16, 2010, which, after a hearing, in effect, denied the petition and dismissed the proceeding, and Daniel E Maloney cross-appeals from stated portions of the same final order.
Ordered that the cross appeal is dismissed, without costs or disbursements, as Daniel E Maloney is not aggrieved by the final order (see CFLR 5511); and it is further,
Ordered that the final order is reversed, on the law, without costs or disbursements, the petition and the proceeding are reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith, to be held forthwith, and a new determination on the petition thereafter in accordance herewith.
In this “anticipatory” invalidation proceeding, the petitioners raised objections to the designating petition of candidate Daniel E Maloney, alleging, inter alia, that certain signatures on the designating petition were the result of forgery or fraud, and that some dates relating to certain other signatures on the petition had been altered without such alterations being initialed. In addition, the petitioners challenged certain signatures on the designating petitions where the name had been printed by the signatories, rather than signed in script.
At a hearing held before the Supreme Court, the petitioners, seeking to invalidate the challenged signatures, presented documentary evidence which was reviewed by the Supreme Court. During the hearing, the Supreme Court reserved its ruling with respect to the majority of the challenged signatures, pending an anticipated determination of the Nassau County Board of Elections (hereinafter the Board) with respect to the validity of those signatures. Subsequently, the Board, in effect, concluded that Maloney’s designating petition was valid “pending court determination.” The Supreme Court ultimately *690 adopted the Board’s “rulings on petition objections,” which set forth the Board’s conclusions.
“It is settled that boards of election have no power to deal with questions of fact or with objections involving matters not appearing upon the face of the [designating] petition, and that such extrinsic matters, if any, are to be determined in court proceedings only” (Schwartz v Heffernan, 304 NY 474, 480 [1952]). Boards of election are vested only with the authority to perform a “ministerial examination” of a designating petition (,Schwartz v Heffernan, 304 NY at 480; see Matter of Feustel v Garfinkle, 29 AD3d 831, 831-832 [2006]; Matter of Sullivan v New York City Bd. of Elections, 224 AD2d 565 [1996]; Matter of Bednarsh v Cohen, 267 App Div 133, 135 [1943]; Matter of Waters v Cohen, 248 App Div 830 [1936]). Thus, it is not within the power of a board of elections to make determinations respecting issues of fact (see Matter of Feustel v Garfinkle, 29 AD3d at 831-832; Matter of Bednarsh v Cohen, 267 App Div at 135; Matter of Waters v Cohen, 248 App Div at 830).
Here, the petitioners’ objections to numerous signatures raised issues of fact as to the validity of those signatures, including issues with respect to allegations of fraud and forgery. However, on the record before us, our review is hampered because it is unclear whether the Supreme Court made specific independent factual findings and determinations with respect to these issues. As it was only within the authority of the Supreme Court to make such factual determinations, the matter must be remitted to the Supreme Court, Nassau County, to revisit the petitioners’ evidence, as previously presented with respect to the challenged signatures, and make determinations as to whether those signatures are valid or invalid (see Matter of Feustel v Garfinkle, 29 AD3d at 831-832). After such review, if the Supreme Court should find a sufficient quantity of signatures to be invalid so as to render the designating petition invalid, Maloney shall be entitled to present rebuttal evidence with regard to those invalidated signatures (see Matter of Oberman v Romanowski, 65 AD3d 992, 993 [2009]). The Supreme Court shall thereafter make a new determination on these issues in resolving this proceeding.
We note that the petitioners’ objections based upon alleged defects and alterations contained in the subscribing witness statement on certain sheets of the designating petition are without merit (see Election Law § 6-132 [2]; § 6-134 [9]; Matter of Galante v Ferrara, 307 AD2d 1007 [2003]; Matter of Berkowitz v Harrington, 307 AD2d 1002, 1003 [2003]; Matter of Vekiarelis v Del Villar, 286 AD2d 464 [2001]; Matter of Goodstein v Ross, *691 196 AD2d 615 [1993]), and that there is, consequently, no need for the Supreme Court to revisit these objections on remittal. Florio, J.P., Miller, Dickerson, Leventhal and Chambers, JJ., concur.