Matter of Yacubich v Suffolk County Bd. of Elections (2018 NY Slip Op 05912)





Matter of Yacubich v Suffolk County Bd. of Elections


2018 NY Slip Op 05912


Decided on August 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-09833
 (Index No. 4248/18)

[*1]In the Matter of Mike Yacubich, appellant, 
v
Suffolk County Board of Elections, et al., respondents.




DECISION & ORDER
In a hybrid proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioner/plaintiff as a candidate in a primary election to be held on September 13, 2018, for the nomination of the Republican Party as its candidate for the public office of Member of the Assembly, Second Assembly District, and action for declaratory relief, the petitioner/plaintiff appeals from an amended final order of the Supreme Court, Suffolk County (John J. Leo, J.), dated August 20, 2018. The amended final order, insofar as appealed from, after a hearing, denied that branch of the petition/complaint which was to validate the designating petition.
ORDERED that the amended final order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the petition/complaint which was to validate the designating petition is granted.
The petitioner/plaintiff, Mike Yacubich, filed a designating petition with the Suffolk County Board of Elections (hereinafter the Board) for the nomination of the Republican Party as its candidate for the public office of Member of the Assembly, Second Assembly District. The Board sustained an objection to the designating petition and invalidated it because there is a "Michael B. Yacubich" and a "Michael V. Yacubich" registered to vote at the candidate's listed address and the Board could not determine which voter was the "Mike Yacubich" seeking to be placed on the ballot.
Yacubich commenced this hybrid proceeding, inter alia, to validate his designating petition, and action for declaratory relief. At a hearing, Yacubich testified that his full name is Michael Brian Yacubich, but he is known as "Mike" Yacubich. His son, Michael Vincent Yacubich, who is 25 years old, was still registered to vote at Yacubich's home address, but had not lived at the residence since May 2016 and currently resided in California with his fiancé. Yacubich also offered the testimony of several witnesses who carried his petition, knew him as "Mike," and were not confused as to the identity of the person seeking public office. Witnesses testified that they were present with Yacubich while he was collecting signatures. Two subscribing witnesses testified that they had campaign fliers with them as signatures were collected and used them to identify the candidate to potential petition signers. The Supreme Court, inter alia, denied that branch of the petition/complaint which was to validate the designating petition. Yacubich appeals, and we reverse.
The Board exceeded its authority when it invalidated the designating petition on the ground that it could not identify which registered voter was the candidate. As amplified by the testimony of one of the Commissioners, the Board perceived that the similarity between the two names was confusing. "[B]oards of election have no power to deal with questions of fact or with objections involving matters not appearing upon the face of the petition, and . . . such extrinsic [*2]matters, if any, are to be determined in court proceedings only" (Schwartz v Heffernan, 304 NY 474, 480). "[T]he board's power to determine the validity of a [designating or] nominating petition extends only to ministerial examination and the board may not go behind a petition designating candidates for primary election" (id. at 480 [internal quotation marks omitted]). Candidates are permitted to run for office using a familiar name or nickname (see Matter of Gumbs v Board of Elections of City of N.Y., 143 AD2d 235, 235). Similar to objections raising allegations of fraud (see Matter of Scaturro v Maloney, 76 AD3d 688, 689-690; Matter of Feustel v Garfinkle, 29 AD3d 831, 831-832), the issue of whether a candidate's name is confusing because it is similar to another voter's name involves a matter extrinsic to the designating petition itself and, thus, is a matter for judicial consideration and not for the Board of Elections. Accordingly, the Board lacked the authority to rule on the objection based upon its perception that the petition was confusing because of the candidate's name, which should have been raised through a judicial proceeding to invalidate.
In any event, there was no proof that Yacubich intended to confuse voters, or that any voters were confused as to his identity (see Matter of Abinanti v Duffy, 120 AD3d 668, affg Matter of Abinanti v Duffy, Sup Ct, Westchester County, Aug. 1, 2014, Connolly, J., index No. 2769/14; see also Matter of Reagon v LeJeune, 307 AD2d 1015; Matter of Petersen v Board of Elections of City of N.Y., 218 AD2d 776; Matter of Harfmann v Sachs, 138 AD2d 551, 551).
Accordingly, the branch of the petition/complaint which was to validate the designating petition is granted.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court